BARRY A. FRENCH, Appellant, v BOARD OF EDUCATION OF THREE VILLAGE CENTRAL SCHOOL DISTRICT OF BROOKHAVEN AND SMITHTOWN et al., Respondents.

Second Department, January 28, 1980

## APPEARANCES OF COUNSEL

*Gaffney & Mainella (Terence F. Gaffney* of counsel), for appellant.

*Pelletreau & Pelletreau (Kevin A. Seaman* of counsel), for respondents.

## OPINION OF THE COURT

*Per Curiam.*

■ ■ The petitioner seeks to restrain the respondents from proceeding with construction of an addition to the Emma S. Clark Memorial Library and to restrain the respondent Board of Education from making any further payments to the trustees of said library. Special Term dismissed the petition and, for the reasons which follow, we affirm.

This appeal raises two issues heretofore apparently unexplored by the appellate courts of this State, to wit: (1) whether a free association library is subject to the provisions of section 101 of the General Municipal Law, requiring separate, independent bids prior to the awarding of a contract for construction of certain projects for (a) plumbing and gas fitting, (b) steam heating, hot water heating, ventilating and air-conditioning apparatus, and (c) electric wiring and standard illuminating fixtures, and (2) whether a school district may underwrite the costs of a capital improvement to a free association library.

The Emma S. Clark Memorial Library (hereinafter the library) is a free association library. Such libraries are distinguished from public libraries by subdivision 2 of section 253 of the Education Law, which states: "The term 'public' library as used in this chapter shall be construed to mean a library other than professional, technical or public school library, established for free public purposes by official action of a municipality or district or the legislature, where the whole interests belong to the public; the term 'association' library shall be construed to mean a library established and controlled, in whole or in part, by a group of private individuals operating as an association, close corporation or as trustees under the provisions of a will or deed of trust; and the term 'free' as applied to a library shall be construed to mean a library maintained for the benefit and free use on equal terms of all the people of the community in which the library is located."

Pursuant to section 256 of the Education Law, the Three Village Central School District (hereinafter the school district) has contracted from year to year with the library to provide free library services to the school district's residents. In return for providing such services, the school district contributes to the reserves of the library by collection of real estate taxes on property within the district.

In the case at bar, the library is seeking to construct an addition to its facilities which are, at present, greatly overutilized. In a vote held on May 9, 1978, the taxpayer residents of the school district approved a budget presented by the library which included a provision for finance charges on a prospective mortgage to be obtained by the library to finance the proposed addition. The library has since negotiated such a mortgage and is prepared to begin construction of a new wing.

Rather than seeking separate bids for the construction components referred to in section 101 of the General Municipal Law, the respondents sought unitary bids on the entire project from several contractors and subsequently awarded the contract to the lowest responsible bidder. Petitioner contends that the moneys being allocated by the school district are, in effect, a grant of public funds to offset the construction of the proposed addition, and that the contracts are thereby subject to the provisions of section 101.

■ Respondents, however, argue that as a free association library, the library possesses certain prerogatives and certain disabilities vis-à-vis building construction, and that one of these prerogatives is that as a private corporation it is not subject to the requirements of the above-cited section of the General Municipal Law. Respondents are correct.

Section 101 of the General Municipal Law applies to all construction contracts awarded by an "officer, board or agency of a political subdivision or any district therein". "Political subdivision" is defined by section 100 of the General Municipal Law as "a municipal corporation, school district, district corporation and board of cooperative educational services."

In view of the definition of a free association library contained in section 253 of the Education Law, it is clear that although such a library performs a valuable public service, it is nevertheless a private organization, and not a public corporation. (See 6 Opns St Comp, 1950, p 253.) Nor can it be described as a "subordinate governmental agency" or a "political subdivision". (See 1 Opns St Comp, 1945, p 487.) It is a

private corporation, chartered by the Board of Regents. (See 1961 Opns Atty Gen 105.) As such, it is not within the purview of section 101 of the General Municipal Law and we hold that under the circumstances it was proper to seek unitary bids for construction of the project as a whole. Cases and authorities cited by petitioner are inapposite, as they plainly refer to *public,* rather than free association libraries, and hence, in actuality, amplify the clear distinction between the two types of library organizations.

■ The second issue on this appeal is whether a school district may underwrite the costs of capital improvements to a free association library. By virtue of subdivision 1 of section 256 of the Education Law, as amended, such authority is apparent.

Subdivision 1 states that "[a]ny authority named in section two hundred fifty-five [which includes a school district] may * * * *grant money* for the support of the cost of maintaining or *the cost of any capital improvements* to or expenditure for one or more: *free association libraries,* provided such libraries are registered by the regents" (emphasis supplied).

In the case at bar, the granting authority is a school district, which is within the purview of section 255, and the library has been registered with the Board of Regents since June 24, 1945. Under the described circumstances, we hold that the instant grant accorded with the requirements of section 256 of the Education Law.

Accordingly, the judgment of Special Term dismissing the petition should be affirmed.

MOLLEN, P. J., HOPKINS, LAZER and O'CONNOR, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered May 23, 1979, affirmed, with $50 costs and disbursements.